**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Robert Philius, | ) | |
| | ) | |
| Petitioner, | ) | 4:03-2898-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On September 8, 2003, pursuant to 28 U.S.C. §2255, the petitioner commenced this pro se action attacking his guilty plea and sentence. On September 24, 2003, the government responded and moved that the action be continued because the petitioner's motion was premature.[1] On October 3, 2003, the Court issued a Roseboro order. On November 10, 2003, the petitioner filed a motion for a more definite statement. On August 29, 2005, the government moved for summary judgment. On September 21, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must respond within 34 days of the date of the order. To this date, the petitioner has not responded.

IT IS THEREFORE ORDERED, that the petitioner respond to the government's motion for summary judgment within 30 days of the date of this order. Failure to respond may result in the Court granting summary judgment against the petitioner pursuant to the Federal Rules of

---

[1] The petitioner's primary contention is that he has cooperated with the government and is therefore entitled to consideration for a sentence reduction pursuant to Federal Rule of Criminal Procedure 35(b). The government contends that it is unable to evaluate the petitioner's cooperation because the petitioner's cooperation is ongoing.

Civil Procedure 56(e).

      **AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

December 12, 2005
Charleston, South Carolina