**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Robert Philius, | ) | |
| | ) | |
| Petitioner, | ) | 4:03-cv-2898-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On September 8, 2003, pursuant to 28 U.S.C. §2255, the petitioner commenced this pro se action attacking his guilty plea and sentence. On September 24, 2003, the government moved for summary judgment. On October 3, 2003, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On November 10, 2003, the petitioner moved for a more definite statement. On August 29, 2005, the government responded to the petitioner's motion for a more definite statement. On September 21, 2005, the Court issued a second Roseboro order advising the petitioner of summary judgment procedure. The petitioner has responded to neither the government's motion for summary judgment nor the government's more definite statement.

On October 2, 2001, a federal grand jury charged the petitioner in a two count indictment. Count 1 charged petitioner with conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §846. Count 2 of the indictment charged the petitioner with intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. §846(a)(1). On December 21, 2001, the petitioner pled guilty to Count 1 of the indictment. On September 4, 2002, the Court sentenced the petitioner to 324 months in prison

followed by five years supervised release. On September 10, 2002, the Court entered its judgment. On September 20, 2002, the petitioner filed a notice of appeal. On April 30, 2003, the Fourth Circuit Court of Appeals dismissed the petitioner's appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.

The petitioner's sole claim in his § 2255 motion is that the Government agreed to file a Rule 35(b) motion. The petitioner contends that the government promised him a Rule 35(b) departure downward in return for a guilty plea. The plea agreement, however, did not contain an unconditional promise to make a motion for downward departure; rather, the government agreed to deem whether the petitioner's cooperation had been substantial assistance and, if so, to make a downward departure motion. See United States v. Dixon, 998 F.2d 228, 230-31 (4th Cir. 1993). Where the government retains its discretion regarding whether to make a substantial assistance motion, there is "no enforceable promise" because the plea agreement "explicitly reserv[ed] discretion rather than promising anything." United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). The petitioner's claim that he fulfilled his assistance does not automatically entitle him to a departure downward. Under these circumstances, the petitioner is not entitled to compel the government to file a Rule 35(b) motion on his behalf unless he can show that the government's refusal to make such a motion was based on an unconstitutional motive, or was not rationally related to any legitimate government objective. See Wade v. United States, 504 U.S. 181, 185-86 (1992). The petitioner has failed to do so. This claim is without merit.

The Court therefore grants the government's motion for summary judgment. All remaining outstanding motions are hereby rendered moot.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE**

May 24, 2006
Charleston, South Carolina